UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SYLVIA M. RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:17cv258 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB or SSI must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

2. The claimant has not engaged in substantial gainful activity since April 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: osteoarthritis, fibromyalgia, depression and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to simple, routine, repetitive tasks in a relatively unchanging setting and process, working with things instead of data or people, only brief and superficial contact with coworkers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 8, 1962, and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13- 22).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 22, 2017. On January 25, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290- 91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

On April 22, 2014, Plaintiff filed applications for Title II Social Security Disability

Insurance Benefits and Title XVI Supplemental Security Income disability benefits, asserting that she was disabled and had been so since April 1, 2014. On February 29, 2016, an ALJ held a hearing. On May 27, 2016, the ALJ entered an unfavorable decision. On June 7, 2016, Plaintiff challenged the ALJ's decision by timely filing a Request for Review of Hearing Decision/Order with the Appeals Council. On April 21, 2017, the Appeals Council rendered its decision and issued a Notice of Appeals Council Action, denying her Request for Review. Thereafter, on June 20, 2017, Plaintiff timely filed the instant action.

Born in 1962, Plaintiff was 51 years old on the alleged onset date of disability. She has a limited education. Plaintiff has past relevant work as a janitor, receptionist and general office clerk/service clerk.

Plaintiff claims she suffers from the following severe impairments: lumbar degenerative disk disease with sciatica; cervical degenerative disk disease; scoliosis; osteoarthritis (including Herberden's nodes on the hands); osteoporosis; foot fractures; neuropathy (including peripheral neuropathy); rheumatoid arthritis; fibromyalgia; Hashimoto's thyroiditis; obesity; obstructive sleep apnea; chronic fatigue; sinusitis; gastritis; irritable bowel syndrome; bladder hyperactivity; insomnia; post-traumatic stress disorder; panic disorder; social anxiety disorder; generalized anxiety disorder; major depressive disorder; bipolar I disorder; mild cannabis use disorder and moderate alcohol abuse disorder.

In support of remand, Plaintiff first argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the Residual Functional Capacity and in not considering the combined impact thereof. More specifically, Plaintiff contends the ALJ should have included handling limitations in the RFC.

Plaintiff claims that she cannot endure frequent handling and fingering, and that the VE testified that the jobs which Plaintiff could perform required frequent handling.

The record shows that the ALJ acknowledged that a September 2015 hand examination revealed nodules in many fingers and early deformity in the little fingers and that the record reflected Herberden's nodes on both hands suggesting early osteoarthritis (Tr. 17, 1171, 1368). However, the ALJ concluded that physical examinations did not document any findings inconsistent with light work and that strength and muscle tone were frequently normal (Tr. 18). The ALJ considered that at the July 2014 physical consultative examination Plaintiff had no muscle weakness or grip strength deficits (Tr. 17, 517). The ALJ further noted routine physical examinations in August and September 2014, with normal strength and tone (Tr. 17, 715, 934). Similarly, a May 2015 evaluation revealed normal strength, reflexes, and motor function (Tr. 17, 907). The ALJ also considered that January 2016 neurology records revealed intact reflexes and sensation in both arms (Tr. 17, 1069). In light of such evidence, this court agrees with the Commissioner that the ALJ reasonably chose not to incorporate manipulative limitations into the RFC. Thus remand is not appropriate on this point.

Next, Plaintiff argues that the ALJ should not have relied on the VE's testimony because of the VE's use of the equal distribution methodology. Plaintiff cites to *Alaura v. Colvin*, 797 F.3d 503 (7th Cir. 2015) and *Jentzen v. Colvin*, No. 3:14-cv-2029 (N.D.Ind. Mar. 18, 2016), available at 2016 WL 8672692. However, as the Commissioner points out, the ALJ adequately inquired as to the VE's methodology and properly relied on the VE's testimony.

ALJs regularly employ the services of VEs at step five to determine whether a claimant retains work skills that can be used in other work and the specific occupations in which those

skills may be used. 20 C.F.R. § 404.1566(e); *see also Taylor v. Colvin*, 829 F.3d 799, 801 (7th Cir. 2016) (use of VEs "customary"). The Seventh Circuit has upheld an ALJ's reliance on a VE to determine whether there is work which exists in significant numbers in the national economy that a claimant could perform where the hypothetical posed to the VE is based on substantial evidence. *See Liskowitz v. Astrue*, 559 F.3d 736, 745–46 (7th Cir. 2009) ("Where, as here, the VE identifies a significant number of jobs the claimant is capable of performing and this testimony is uncontradicted (and is otherwise proper), it is not error for the ALJ to rely on the VE's testimony"); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (VE's testimony meets Secretary's burden at step five of the sequential analysis); 20 C.F.R. §§ 404.1520(g), 4104.1566(e). The Seventh Circuit has held, "If the basis of the VE's conclusions is questioned at the hearing, however, then the ALJ should make an inquiry (similar though not necessarily identical to that of Rule 702) to find out whether the purported expert's conclusions are reliable." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002).

In the present case, during examination by Plaintiff's attorney, the VE testified that he used the equal distribution methodology, which entails finding the total number of jobs in an occupational group and dividing the number of jobs by the number of occupations in the group (Tr. 62). He stated that this was one of two accepted methods of estimating job numbers in connection with the Dictionary of Occupational Titles, along with the occupational density approach (Tr. 62). The VE testified that the occupational density approach used the program Job Browser Pro to produce job numbers that were "still an estimate" and that he did not find these numbers as accurate as those produced by the equal distribution approach, based on surveys he had done over the years (Tr. 62). He acknowledged that the equal distribution methodology

7

nonetheless had "a large flaw" involving "some speculation and some extrapolation" (Tr. 62).

After Plaintiff's attorney objected to the VE's job number estimates, the ALJ then asked the VE to clarify how he decided that the equal distribution methodology was more reliable than the occupational density method (Tr. 63). The VE stated that he compared the job numbers produced by the two methods and, based on his experience, concluded that the occupational density method's estimate "does not seem correct" (Tr. 63-64). The ALJ ultimately concluded that the VE's "explanation of the method used to determine job numbers is reasonable based on his experience in the vocational field" (Tr. 22).

This Court has affirmed an ALJ decision in a case strongly analogous to his one, in *Chavez v. Berryhill*, No. 1:16-cv-314 (N.D.Ind. Jul 24. 2017), available at 2017 WL 3124432. There, the plaintiff had objected to the VE's use of the equal distribution method and cited *Jentzen*, and this court reasoned that *Jentzen* established only that, pursuant to *Donahue*, questions about the reliability of VE testimony require an ALJ to investigate further and not uncritically accept that testimony. *Id*. at *3-4. The ALJ in *Chavez*, like the ALJ here, asked the VE to elaborate on the methodology used, and the VE described – again, like the VE in this case – the two main competing approaches to determining job numbers, the occupational density and equal distribution approaches. *Id.* at *4. The *Chavez* VE then stated, as the VE in this case did, that the occupational density approach produced lower job numbers than the VE's experience reflected, and so the VE had chosen to use the equal distribution approach. *Id.* The *Chavez* VE acknowledged that each method was imperfect and that exact job numbers did not exist. *Id*. While addressing the use of equal distribution methodology, this court in *Chavez* noted that "the Commissioner has not promulgated regulations that prescribe any specific methodology for VEs

8

to use." *Id*. Furthermore, this court reasoned, "it would be all but impossible to develop statistics addressing the vocational impact of all possible combinations of impairments and limitations," and "there do not appear to be any realistic alternatives to relying on the current methods employed by VEs." *Id*. This court in *Chavez* further discussed the Seventh Circuit's *Alaura* decision and reasoned that the decision in *Alaura* "did not offer what methodologies (underpinned by what principles) would satisfy the Court, and did not provide a brightline rule as to when remand was necessary based on defective VE methodology." *Id*. (citing 797 F.3d at 507-08). Ultimately, this court in *Chavez* concluded, "Had the Seventh Circuit intended the equal distribution method to be ruled impermissible, it would have said so. Thus far, it has not. Accordingly, the decision of the ALJ must be affirmed." *Id*. at *5.

As in *Chavez*, this court finds that the ALJ complied with her obligations under *Donahue* and that the VE's use of equal destruction methodology does not warrant a remand.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: March 26, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court